VILLAGE OF MAMARONECK, Plaintiff, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWN OF MAMARONECK, Defendant.— Motion to add case to June calendar denied. Present — Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ.

SAMUEL H. WEBER, Respondent, v. CLIMAX MOLYBDENUM COMPANY and Others, Appellants.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals granted. Present — Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ.

TILLIE ZOLLER, Respondent, v. DAVID FELDMAN and MARY FELDMAN, Appellants.— Motion for reargument denied. Present — Kelly, P. J., Rich, Manning, Kapper and Lazansky, JJ.

CHARLES ASPINALL, Appellant, v. THE CITY OF NEW YORK, Respondent. TUFANO'S MOTOR EXPRESS CO., INC., Defendant.— Order setting aside verdict unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Manning, Young, Kapper and Lazansky, JJ.

EDWARD J. BATCHELAR, Appellant, v. ANNIE L. BATCHELAR and Others, Defendants. ELMER W. BAKER, Purchaser, Respondent.— Order relieving purchaser from his bid and discharging him from his purchase, and directing the repayment of the amount paid to the referee and certain sums for disbursements, reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The purchaser acquiesced in the delay in curing the defect in the title until January ninth, when he gave notice of rescission. He could not thus place the referee in default. After having acquiesced in the delay, it was his duty to give the referee notice of a reasonable time within which the deed should be delivered or a default taken. If the defect has not been cured, the purchaser may, after due notice, place the referee in default. Manning, Young and Lazansky, JJ., concur; Kelly, P. J., and Kapper, J., dissent and vote to affirm.

MICHAEL BERGER, Respondent, v. WILLIAM KENNELLY, INC., Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kapper and Lazansky, JJ.